DEPARTMENT OF TREASURY, STATE OF INDIANA, GROSS INCOME TAX DIVISION *v.* GLOBE-BOSSE-WORLD FURNITURE CORPORATION.

[No. 27,814.   Filed March 1, 1943.]

202

*George N. Beamer,* Attorney General, *David I. Day* and *Byron B. Emswiller,* Deputy Attorneys General, for appellant.

*Edward E. Meyer* and *Isadore J. Fine,* both of Evansville, for appellee.

FANSLER, J.—This is an action by the appellee to recover certain sums paid under the Gross Income Tax Act of 1933 as amended by the Acts of 1937, ch. 117, p. 604. The amount of the tax involved and interest was $426.18.

The appellee manufactures furniture. It contracted with certain mail order houses to manufacture certain furniture. When this furniture was manufactured the mail order houses were billed for it, and it was paid for, but held in the warehouses of the appellee subject to the orders of the purchaser. There was an agreement that, upon orders from the purchasing mail order house, accompanied by shipping tags and completed bill of lading forms, the appellee would ship items of the furniture so stored to customers of the owner, the mail order house. There was no agreement as to whether these shipments to customers should be within or without the State of Indiana. The merchandise was not shipped at the expense of the appellee, and it may be

noted that the agreement of the appellee to ship upon order of the mail order house to its customers was not of the essence of the contract. The mail order house might have taken the furniture from the appellee's warehouse to its own warehouse, or might have disposed of it as it saw fit by sale or otherwise, without breaching its contract with the appellee. When the furniture was paid for it became the property of the purchaser, who took title to it and insured it in its own name. Thus a complete sale, delivery, and transfer of title was accomplished, and this sale was within the State of Indiana. The mere fact that the owner chose to resell the merchandise in parcels to customers outside the State of Indiana, and that the appellee, who was furnished with shipping tags and bills of lading by the owner, delivered the merchandise, which was the sole property of the mail order house, to the railroad company for transportation, does not make the transaction a sale in interstate commerce.

Upon the above facts, the trial court gave judgment for the appellee upon the theory that the sale was a transaction in interstate commerce, and therefore not taxable by the State of Indiana. This was error. The facts point so clearly to the result we have reached, that citation of authority seems unnecessary, but the appellant has cited certain cases, the reasoning in which supports our view. *Department of Treasury of State of Indiana et al.* v. *Wood Preserving Corporation* (1941), 313 U. S. 62, 61 S. Ct. 885, 85 L. Ed. 1188; *Superior Oil Co.* v. *State of Mississippi ex rel. Knox, Atty. Gen.* (1930), 280 U. S. 390, 50 S. Ct. 169, 74 L. Ed. 504.

Judgment reversed, with instructions to enter judgment for the defendant.

NOTE.—Reported in 46 N. E. (2d) 830.